

Edmund Glen Johnson, Kelly, Hart & Hallman, Fort Worth, TX, John C. Fox, Craig A. Selness, Allison B. Hubbard, Fenwick & West, Palo Alto, CA, for Plaintiff.

Jonathan Watkins, U.S. Department of Justice, Employment Litigation Section, Washington, DC, Jay D. Adelstein, U.S. Department of Justice, Civil Rights Div., Washington, DC, for Defendant.

## AMERICAN AIRLINES, INC.,

v.

## Alexis HERMANN, Secretary of the U.S. Department of Labor.

### Civil Action No. 4:94–CV–594–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

July 24, 1997.

### ORDER AND DECLARATORY JUDGMENT

MEANS, District Judge.

Pending before the Court is a Motion for Summary Judgment Re: No Back Pay Authority, filed by the plaintiff American Airlines, Inc. ("American") on February 26, 1997 (doc. # 69). Also pending before the Court is a Motion for Partial Summary Judgment on Count III of Plaintiff's First Amended Complaint, filed by the defendant the United States Department of Labor ("the DOL") on February 10, 1997 (doc. # 66). Having carefully considered the motions, the supporting and opposing briefs, and the applicable law, the Court finds that American's motion should be GRANTED and the DOL's motion should be DENIED.

On February 9, 1989, the DOL's Office of Federal Contract Compliance Programs ("the OFCCP") notified American, a federal contractor, that American's Nashville, Tennessee facility had been selected for a compliance review pursuant to section 503 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 793 (" § 503"). Upon conducting this review, the OFCCP concluded that American had violated § 503 by discriminating against 96 applicants for employment during 1988 and 1989 based on their disabilities.[1]

On April 29, 1994, the OFCCP filed an administrative complaint against American ("the Nashville Action") alleging that "American violated section 503 when it failed to hire 96 applicants because of the results of their pre-employment medical examinations." The OFCCP sought make-whole relief, including back pay and instatement with retroactive seniority.

American filed this declaratory judgment action on September 2, 1994. In its original complaint, American raised only one issue: whether the OFCCP had the authority to prosecute American for alleged disability discrimination pursuant to § 503. American requested that the Court declare that the OFCCP is not authorized by § 503 to prosecute American for alleged disability discrimination and that the Court enjoin the OFCCP from further such prosecution of American.

On January 28, 1997, American filed its First Amended Complaint. In its amended complaint, American added several other issues to its suit against the DOL: 1) whether the OFCCP has the authority to seek individual discrimination remedies, including back pay and instatement from American in the Nashville Action; 2) whether the OFCCP has the authority to subject American to a random compliance review pursuant to § 503; and, 3) whether the Nashville Action was timely pursuant to the applicable DOL regulations.

On April 8, 1997, the Court issued a Memorandum Opinion and Order ("the April 8 Order") granting American's March 29, 1995 Motion for Summary Judgment and holding that § 503, prior to the 1992 amendments,[2] did not provide the OFCCP with authority to administratively prosecute American for alleged discrimination against individuals with disabilities.

In its pending motion for summary judgment American asks the Court to declare that the OFCCP does not have the authority to seek individual discrimination remedies, including back pay from American in the Nashville Action. The DOL seeks summary judgment on the issue of whether the OFCCP has the authority to subject American to a random compliance review pursuant to § 503. The Court finds that there are no genuine issues of material fact remaining in this action and that summary judgment is appropriate as to all of American's claims.

In the April 8 Order, the Court held that § 503, prior to the 1992 amendments, did not prohibit discrimination against individuals with disabilities, and, thus, did not authorize the OFCCP to administratively prosecute American for alleged disability discrimination at its Nashville facility. The Court today holds that since the OFCCP does not have the authority under § 503 to administratively prosecute American for alleged disability discrimination, the OFCCP also does not have the authority to seek individual discrimination remedies, including back pay and instatement, from American for its alleged disability discrimination at the Nashville facility. The Court further holds that since § 503, prior to the 1992 amendments, does not prohibit discrimination against individuals with disabilities, the OFCCP was not authorized

---

1. American contends that the 96 individuals had applied for "safety-sensitive" positions and that their disabilities posed a substantial risk of harm to themselves, their co-workers, and/or members of the flying public. The question of whether the 96 individuals were qualified for the jobs at American's Nashville facility is not relevant to the issues posed in this case, accordingly, the Court need not address that question.

2. In 1992 Congress amended § 503 of the Rehabilitation Act. See 29 U.S.C. § 793(d). These amendments are not retroactive. The alleged discrimination committed by American took place in 1988 and 1989, therefore, the 1992 amendments are not applicable to this action. Neither the Court's April 8 Order nor this order are impacted by § 503 as amended in 1992.

to conduct a random compliance review of American's Nashville facility for alleged disability discrimination pursuant to § 503.

The Court has already found that there are no genuine issues of material fact remaining in this action. The Court finds that the April 8 Order and the above holdings resolve the remaining issues of law and that summary judgment is appropriate as to all of American's claims.[3] Accordingly, the Court finds that the OFCCP did not have the authority to bring the Nashville Action against American and, thus, the DOL should be permanently enjoined from further prosecuting American in the Nashville Action.

It is, therefore, ORDERED that American's Motion for Summary Judgment Re: No Back Pay Authority, filed on February 26, 1997 (doc. # 69) is hereby GRANTED.

It is further ORDERED that the DOL's Motion for Partial Summary Judgment on Count III of Plaintiff's First Amended Complaint is hereby DENIED.

It is further ORDERED that SUMMARY JUDGMENT is GRANTED in favor of American as to all of its claims in the above-styled and numbered cause.

Pursuant to the granting of summary judgment in favor of American, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. the DOL is not authorized pursuant to § 503 of the Rehabilitation Act, prior to the 1992 amendments, to seek individual discrimination remedies, including back pay and instatement, for alleged discrimination against individuals on the part of American during 1988 and 1989;

2. the DOL was not authorized pursuant to § 503 of the Rehabilitation Act, prior to the 1992 amendments, to subject American to a random compliance review for alleged discrimination against individuals with disabilities at American's Nashville facility;

3. the Decision and Remand Order issued in the Nashville Action by the DOL's Assis-

tant Secretary for Employment Standards on April 26, 1996 is SET ASIDE insofar as it conflicts with this order or the April 8 Order;

4. the DOL is PERMANENTLY ENJOINED from administratively prosecuting American in the Nashville Action; and

5. the issue of whether the Nashville Action was timely is RENDERED MOOT.

SO ORDERED.

---

**3.** In its amended complaint, American also asks the Court to declare that the Nashville Action was untimely pursuant to the applicable DOL regulations. Since the Court has already held that the OFCCP was not authorized to bring the Nashville Action, the issue of whether the Nashville Action was timely is moot.